CARTER *vs.* ROCKETT AND THE NEW-YORK FIRE INSURANCE COMPANY.

Where the owner of mortgaged premises insures them for his own benefit, and the premises are destroyed by fire, the mortgagee is not entitled to the money payable by the insurers on account of such loss; although the assured was personally liable for the debt secured by the mortgage.

But if the assured was bound to insure the premises, for the protection and indemnity of another person who had an interest in the subject of the insurance, such person will have an equitable lien upon the money due on the policy, to the extent of his interest in the property destroyed by the fire.

Where a mortgagor covenants with the mortgagee to keep the premises insured, during the continuance of the mortgage thereon, and the buildings on the premises are destroyed by fire, the mortgagee has an equitable lien upon the money due upon the policy.

THIS was an application to dissolve an injunction restraining the defendant Rockett from receiving, and the insurance company from paying, the amount due the former upon a policy of insurance, on a house in Westchester county which had been destroyed by fire. It appeared by the complainant's bill, that in 1836, he purchased the farm on which this house was situated, and gave two mortgages, of six thousand and five thousand dollars, for the purchase money; the first payable in May, 1840, and the last in 1844. He afterwards sold to Rockett twenty acres of the farm, including the house, and received a little more than half the purchase money; and Rockett agreed to apply the balance, being $5000, in payment of a part of the $6000 mortgage, on the first of May, 1840. And the complainant, at the same time, procured the twenty acres to be discharged from the incumbrance of the residue of the mortgages. Rockett afterwards insured the house with the New-York Fire Insurance Company for $4000;

*July 21.*

1840.

Carter
v.
Rockett.

and the house was subsequently burned down. And he having neglected to pay the $5000 on the complainant's mortgage, given for the original purchase money of the farm, the bill in this cause was filed to reach the interest of the defendant, Rockett, in the amount payable upon the policy.

*C. Edwards*, for the complainant.

*C. F. Clark*, for the defendant Rockett.

THE CHANCELLOR. From the statements in this bill, the complainant is in the situation of a mortgagee of the premises upon which Rockett effected his insurance ; or rather, he is in the situation of a surety that Rockett shall pay $5000 to the assignee of one of the mortgages. He has therefore an interest in having that mortgage paid off ; and if the holder of the mortgage upon the insured premises has a specific lien upon the fund due upon the policy, this complainant would probably be entitled to the relief asked, had he made the holder of the mortgage a party to the suit. I am satisfied, however, that there is no pretence of claim to an equitable or specific lien upon this fund, for the payment of the $5000 of the mortgage which Rockett undertook to pay. A contract of insurance against fire, as a general rule, is a mere personal contract between the assured and the underwriter, to indemnify the former against the loss he may sustain. But the assured, by an agreement to insure for the protection and indemnity of another person, having an interest in the subject of the insurance, may unquestionably give such third person an equitable lien upon the money due upon the policy, to the extent of such interest. Thus, in the case of *Thomas' ex'rs* v. *Van Kaff's ex'rs*, (6 *Gill & John. Rep.* 372,) where the mortgagor covenanted with the mortgagee that he would keep the premises insured during the continuance of the lien of the mortgage, and in case of loss that the amount received upon the policy should be applied to the

rebuilding of the property insured, the court of chancery in Maryland decided, that the mortgagee had an equitable lien upon the fund received by the mortgagee under the policy, to satisfy the balance due upon the mortgage which could not be collected upon a foreclosure and sale of the mortgaged premises.  A similar decision was made by the court of king's bench in England, in the case of *Vernon* v. *Smith*, (5 *Barn. & Ald. Rep.* 1;) where the lessee of premises, to which the 83d section of the building act 14 *Geo.* 3*d*, *ch.* 78, was applicable, covenanted with the lessor to keep the premises insured.  But a mere lien upon the property insured does not give to the holder of that lien a corresponding claim upon the policy which the owner of the goods has obtained for the protection of his own interest therein ; although the assured is personally liable to pay the debt which is a lien upon the property insured.  (*Neale* v. *Reid*, 3 *Dowl. & Ryl.* 158,  *Beaumont on Fire and Life Ins.* 77.)   Here the defendant Rockett is personally liable for the payment of $5000 on one of the mortgages upon the premises; but as there was no agreement, either express or implied, that he would cause the premises to be insured for the protection of the rights of the complainant, or of his mortgagee, they have no better claim than any other creditors of Rockett, to the fund which is due to him from the insurance · company.

The injunction should not have been granted upon the facts stated in the bill.   It must therefore be dissolved ; with costs to the defendant Rockett, to be taxed.