CHARLES T. CROMWELL, Respondent, *v.* THE BROOKLYN FIRE INSURANCE COMPANY, Appellant.

The assignee of a vendor's interest in a contract for the sale of real estate, which contract provides for an insurance by the vendee for the benefit of such vendor, is equitably entitled to the moneys due upon an insurance effected by such vendee in his own name; and where the insurer has notice of such assignment, it is liable to such assignee, to the extent of his interest, not exceeding the amount due upon the policy, although it has, after such notice, actually paid that amount to such vendee.

The fact that the policy of insurance, by its terms, is not assignable without consent of the insurer, is not material, because the liability is not founded upon an assignment of the policy, but upon the equitable lien of vendor's assignee, the insurer being, after notice, a trustee of the fund for his benefit.

(Argued September 22d ; decided December 27th, 1870.)

APPEAL from a judgment entered upon the order of the General Term of the Supreme Court in the second district, affirming judgment for the plaintiff.

The cause was first tried in 1862, when the complaint was dismissed.  The plaintiff appealed, and the General Term ordered a new trial.  (Reported 39 Barb., 227.)  On the second trial, the plaintiff recovered judgment, which was affirmed, and the defendant appealed to this court.

On the 21st day of November, 1852, William H. Chesley held a contract for the purchase of a lot of land in the city of Brooklyn, from one Beach.  He then agreed by parol

with defendant, Eichenlaube, to build for him a house upon the lot, and sell him both house and lot for $1,600, the price of the lot being $750, and of the house, $850. Five hundred dollars were to be paid, and were paid in cash, and the balance to be secured by a mortgage, to bear date when the house was finished, and to be payable three years from that date. Eichenlaube was to insure the house, and to assign the policy to Chesley as collateral. In April, 1853, Chesley completed the house, but was unable to procure the title to the fee from his vendor, Beach. Eichenlaube being desirous of taking possession, he and Chesley agreed, by parol, that he should do so, and pay interest on the balance of $1,100 due Chesley, semi-annually, and the taxes, and should insure, and keep insured, the house for Chesley's benefit, the same as if the deed had been delivered; and Chesley was to complete the title and convey the premises to Eichenlaube as soon as he could get the title from Beach.

Under this agreement, Eichenlaube took possession of the lot, and occupied the same. On the 16th day of May, 1853, he procured an insurance from the appellant upon the lot for $700, in his own name, as owner, loss, if any, payable to Chesley. On the 11th of February, 1854, Chesley sold and assigned to Cromwell, the plaintiff, all his interest in the premises, and in these contracts, and all claims arising out of the same.

On July 3d, 1855, Eichenlaube again insured the house with the appellant to the amount of $700 loss, if any, payable to himself. This policy was renewed annually thereafter, the last renewal being July 12, 1858, for one year from that date.

On September 15, 1858, the house was destroyed by fire. On the 17th of that month Eichenlaube served the proofs of loss on the appellant. On the 25th of that month and afterward the plaintiff notified the appellant not to pay Eichenlaube, as he had an equitable lien on the entire amount which should be paid to him. Disregarding this notice, on the 28th of the next month the appellant paid Eichenlaube the amount due upon the insurance.

Afterward the plaintiff obtained title to the land from Beach, and on the 22d day of December, 1858, tendered a deed thereof to Eichenlaube and demanded payment of the balance of the purchase-money. Eichenlaube refused to take the deed or pay. On January 20, 1859, plaintiff commenced suit against Eichenlaube to enforce specifically the agreement for the purchase of the lot. The suit was defended and litigated by Eichenlaube, and judgment was rendered against him, ordering him to take the deed and pay the balance due; and in case he failed to do so, that the plaintiff should recover of him the value of the purchase-money, interest and taxes, less the value of the lot, amounting to about $1,000. Eichen laube failed to take the deed and pay, and execution was issued upon the judgment and returned unsatisfied. Eichenlaube continued to occupy the premises until after the fire, when he abandoned them. He paid the semi-annual interest in October, 1853, to Chesley, and in April, 1854, to the plaintiff, and thereafter paid no more. He several times before the fire demanded of Chesley and of the plaintiff a deed of the premises, but neither Chesley nor the plaintiff could give him a deed, as Beach refused to convey, and so Eichenlaube was informed. Chesley and the plaintiff both tried in good faith to procure a deed from Beach, and as soon as the deed was procured, plaintiff offered to convey it to Eichenlaube.

Eichenlaube never, in terms, repudiated the agreement, nor declared the same forfeited or at an end.

November 30, 1860, this action was commenced to enforce plaintiff's equitable lien on and right to the amount of the policy issued to Eichenlaube. The case was tried before Judge J. F. BARNARD, and he gave judgment for the plaintiff. The General Term, in the second district, affirmed that judgment, and the appeal was then taken to the Court of Appeals.

*John H. Reynolds*, for the appellant, urged, among other things, that the plaintiff must recover, if at all, under the second agreement, which was treated by the parties as the

whole contract between them. (*First Baptist Church* v.
*Brooklyn Fire Insurance Company*, 23 How., 448.) It was an
entire agreement, the insurance collateral only; and if void as
to the land, the whole was void. (*Duncan* v. *Blair*, 5 Den.,
196; *Thayer* v. *Rock*, 13 Wend., 53.) The agreement was
void by the statute, and is not saved by part performance; for
the judgment against Eichenlaube annuls the contract, and
is an election by the plaintiff to retain the land. (*Adams* v.
*Townsend*, 1 Metc., 483; KENT, J., *Jackson* v. *Pierce*, 2
Johns., 223.) Plaintiff cannot claim the right to specific per-
formance, at the time the insurance was paid, the agreement
being silent as to the amount of insurance (Sugd. V. & P.,
118; *Phillips* v. *Thompson*, 1 Johns. Ch., 131); the only
acts of part performance on which a plaintiff can rely being
those done by himself. (*Rathbun* v. *Rathbun*, 6 Barb., 98;
*Buckmaster* v. *Harrop*, 7 Ves., 346); the only act of Chesley,
under the second agreement, being delivery of possession; but
this was abandoned before the payment of insurance money,
and possession must continue until suit. (*Haight* v. *Child*, 34
Barb., 187; *Rankin* v. *Simpson*, 19 Penn., 471; Browne on
Stat. Fr., § 485); and the payment of taxes is evidence of
plaintiff's possession. (*McCall* v. *Nerley*, 3 Watts, 69, 73.)
Plaintiff should have shown his inability to convey at an ear-
lier day. (*Tompkins* v. *Brown*, 1 Den., 247; *Sansom* v.
*Rhodes*, 8 Scott, 544.) Specific performance is discretionary,
and will be refused when there is laches. (1 Story Eq., § 771;
*Bruce* v. *Tilson*, 25 N. Y., 194, 202; *Haight* v. *Child*,
*supra*.)

The judgment did not preclude the defendant from avail-
ing itself of any defence Eichenlaube may have had to that
action. The parties are not the same. (*Mersereau* v. *Pearsall*,
19 N. Y., 108.) The subject-matter is different. (1 Greenl.
Ev., § 528.) It was not commenced until the right of the
company had become fixed by the payment. (*Campbell* v.
*Hall*, 16 N. Y., 575.)

The notice given was insufficient. (*Williamson* v. *Brown*,
15 N. Y., 354; *Petrie* v. *Teeter*, 21 Wend., 172.)

*Samuel Hand*, for the respondent, insisted, with other points, that the plaintiff had an equitable lien upon the insurance money. (*Carter* v. *Rockett*, 8 Paige, 437 ; *Thorn* v. *Van Kapt*, 6 Gill & Johns. 372 ; *Providence Co. Bank* v. *Benson*, 24 Pick., 214 ; *Nichols* v. *Baxter*, 5 R. I., 311 ; *Ellis* v. *Kreutzinger*, 27 Mo., 311 ; 1 Phill. on Ins., 68 ; 2 Duer on Ins., 61, 57, 35 ; 2 McMullen, 237 ; 2 Stor. Eq., §§ 1047, 1250, 1258 ; Arnold on Ins., § 1249.)

The lien is upon the *fund*, and the defendant is trustee of that fund. There was no assignment of the *policy*, nor was any necessary. (EMOTT, J., at General Term, 39 Barb., 227 ; *Sadlers Co.* v. *Budcock*, 2 Atkyns, 544 ; *Perry* v. *Merchants Insurance Co.*, 25 Ala., 354 ; *Courtney* v. *New York City Insurance Co.*, 28 Barb., 116 ; *Stout* v. *City Insurance Co. of New Haven*, 12 Iowa, 371 ; *Walters* v. *Washington Insurance Co.*, 1 Iowa, 404 ; *Mellen* v. *Hamilton Fire Insurance Co.*, 5 Duer, 101 ; *Walker* v. *The Hamilton Fire Insurance Co.*, 17 N. Y., 609.)

Payment to Eichenlaube, after notice, was at the defendants' own peril. (*Ellis* v. *Krentzinger*, *supra* ; *Lyman* v. *Cartwright*, 3 E. D. Smith, 117 ; *Roy* v. *Bancus*, 43 Barb., 310.)

EARL, C. Chesley held a written contract for the purchase from Beach of the lot in question, and under the contract took possession of the lot. He then made the parol agreement with Eichenlaube, to sell the lot to him, and build a house upon it for the sum of $1,600. In pursuance of this agreement, he went on and built the house, and completed it in April, 1854. Not being able then to procure his title, and Eichenlaube being desirous to take possession, it was arranged that he should take possession, and pay the taxes and interest, and keep the house insured for the benefit of Chesley, and that Chesley should give the deed as soon as he could get the title from Beach. The original parol agreement was not repudiated or abandoned, but simply modified as to the time and manner of performance. There was clearly such a part

performance of this agreement, as to take it out of the statute of frauds, and make it enforceable in a court of equity. As between Chesley and Beach, the former was the equitable owner of the lot, and, as such, had rights and interests therein. He agreed to perfect his title to this lot, and convey the same to Eichenlaube, and that created between them the relation of vendor and vendee, and according to well settled principles of law, Chesley had an equitable lien upon the lot for the balance of the purchase-money due from Eichenlaube, occupying the relation to Eichenlaube of equitable mortgagee.

If Eichenlaube had procured the insurance for his own benefit, without any agreement to insure for the benefit of Chesley, the latter could not have claimed any benefit from the insurance. A contract of insurance against fire, as a general rule, is a mere personal contract between the assured and the underwriter, to indemnify the former against the loss he may sustain ; and in case a mortgagor effects an insurance upon the mortgaged premises, the mortgagee can claim no benefit from it, unless he can base his claim upon some agreement. But where the assured has agreed to insure for the protection and indemnity of another person having an interest in the subject of the insurance, then such third person has an equitable lien, in case of loss, upon the money due upon the policy to the extent of such interest. These are principles of law well settled. (*Carter* v. *Rockett*, 8 Paige, 437 ; *Thomas, Administrator* v. *Van Keft*, 6 Gill. & Johnson, 372 ; *Providence Co. Bank* v. *Benson*, 24 Pick., 204 ; *Nichols* v. *Baxter*, 5 R. I., 311 ; *Ellis* v. *Krentsinger*, 27 Mo., 311.)

In this case, Eichenlaube had agreed to insure for the benefit of Chesley. He did, at first, procure an insurance in his name, which by the terms of the policy was payable to Chesley. When that policy expired the company refused, for some reason, to renew it. Eichenlaube then took out another policy in his own name, which contained no specification that the loss, if any, was payable to Chesley or the plaintiff. But in the absence of any proof to the contrary, it must be inferred that he made the insurance in pursuance

of his agreement, and for the benefit of his vendor. And such, undoubtedly, would have been the legal inference, no matter what may have been his secret intention when he effected the insurance, provided he did it while in possession of the premises, and while the agreement between him and Chesley was binding, either in law or equity.

It is claimed, however, that the plaintiff could not have the benefit of this insurance, because he was in default in the performance of the agreement to convey the lot on his part. The proof does not show such default, and the judge who tried this case has not found it. The plaintiff was bound to convey the lot as soon as he could procure the title from Beach. He made efforts from time to time to get the title from Beach, and as soon as he got it, he offered to convey it to Eichenlaube. There does not appear to have been any want of good faith on the part of the plaintiff. It is true that Eichenlaube several times demanded his deed, but he never in any way repudiated or put an end to the agreement, and he retained the undisputed possession of the lot, thus reaping the fruits of the agreement. Under such circumstances it cannot well be claimed that the plaintiff was in default, and that the agreement was not equitably binding at the time of the fire.

The plaintiff notified the company of his equitable claim to the insurance money before payment to Eichenlaube. After such notice, the company made the payment at its peril, just as much so as if there had been a regular assignment of the money to the plaintiff, and it had paid it to Eichenlaube after notice of such assignment. While both plaintiff and Eichenlaube were claiming the money, it would doubtless have been unwise for the company to have paid it to either. But it could have waited for suit by one of the claimants and then have paid the money into court and been relieved from all responsibility under section 122 of the Code.

These are all the questions raised in the case which I deem it important to consider, and I have reached the conclusion that the judgment should be affirmed with costs.

LEONARD, C.  Cromwell, as assignee of the contract between Chesley and Eichenlaube, became entitled to its performance.  Part of that agreement was, that Eichenlaube should keep the premises to which the contract related insured for the benefit of Chesley.

At the time of the fire, Eichenlaube had a policy with the defendants covering the premises, in his own name and for his own benefit, but none for the benefit of Chesley or Cromwell.  Cromwell recovered judgment against Eichenlaube upon the contract assigned to him by Chesley for an amount greater than the sum insured.  The judgment was good evidence in this case to prove that the contract with Eichenlaube was in full force, and that the obligation to insure still rested on him.

As between Cromwell and Eichenlaube there can be no doubt of the right of Cromwell in equity to receive the insurance money upon the happening of a loss.  That right arises from Eichenlaube's contract to insure for the benefit of Chesley, and the fact that he had not paid the sum due under the contract.  Had there been no judgment, Cromwell must have proven in this action that there was a sum due to him on the contract with Chesley.  The judgment established that fact without other proof, as Eichenlaube, the defendant in that action, was the only party interested in contesting the amount due.

The plaintiff in due season notified the insurance company of his equitable claim to be paid the amount due under the policy to Eichenlaube, by reason of the loss against which the company had insured.  The company have not denied their policy, nor their loss, nor their liability to pay the amount.  On the contrary, admitting their liability, the company have paid the loss to Eichenlaube, and insist that such payment is a full discharge of their liability.  The company thereby refused to recognize the right of Cromwell to charge them as a trustee of the fund due upon the policy.  The company assumed the hazard of resisting the equity claimed by the plaintiff.

If the company erred in their interpretation of the law, their payment to Eichenlaube is no discharge of their liability for the loss arising under their policy.

The case of *Carter* v. *Rockett* (8 Paige, 437), is against the construction of the law assumed and acted upon by the company. That case is a full authority for the claim made by Cromwell. This claim does not operate as an assignment of the policy, against which the company by a condition of that instrument stipulated. They become by reason of the facts, and the notice given by Cromwell, trustees of a fund which they were equitably bound to pay to the party justly entitled. The party entitled in this case was the plaintiff, and the payment to Eichenlaube is no discharge.

The judgment should be affirmed with costs.

All concur, except LOTT, J., who did not sit.

Judgment affirmed with costs.