ROBERT DUNLOP, RESPONDENT, v. EGBERT I. AVERY, APPELLANT, IMPLEADED WITH OTHERS.

*Mortgagor — covenant of, to insure for the benefit of the mortgagee — rights of the latter thereunder — when the rights of a subsequent incumbrancer are subject thereto.*

December 1, 1870, one C. W. Avery executed to the plaintiff a bond and mortgage for $2,000, and covenanted thereby to keep the buildings insured for that sum and the policy assigned to the plaintiff. A policy for that amount was procured, assigned to the plaintiff and kept in force until November, 1874, when it was allowed to expire and a new policy for $3,000 was procured by Avery, which was not assigned to the plaintiff. March 6, 1875, Avery executed another bond and a mortgage covering the same premises for $1,400 to his brother, the defendant Egbert I. Avery, and thereby covenanted to keep the premises insured for $3,000, and the policy assigned to the defendant, and the $3,000 policy was made payable to him. The $3,000 policy expired and a $2,000 one issued in renewal thereof was thereafter made payable in case of loss to Egbert I. Avery, and was held by him at the time of the destruction of the premises by fire in October, 1877.

*Held,* that by virtue of the covenant contained in his mortgage the plaintiff acquired an equitable lien upon the money due upon the policy, to the extent of his interest in the property; and that this was so although the policy had not been issued or made payable to him but had been taken out by the mortgagor in his own name and contained no reference to the mortgagee.

That the record of the mortgage to the plaintiff was notice to the defendant of the covenant of the mortgagor to keep the premises insured for the plaintiff's benefit.

That the plaintiff was entitled to receive so much of the insurance money as might be necessary to satisfy any deficiency that might arise upon the sale of the premises under a decree of foreclosure.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to foreclose a mortgage and compel the defendant Egbert I. Avery to allow the plaintiff to collect and receive the amount due upon a policy of insurance issued upon the mortgaged premises.

About December 1, 1870, Chapman W. Avery, the defendant's brother, executed a bond and mortgage to the plaintiff on a certain store and lot in Jamesville, for $2,000, payable in three years, interest payable semi-annually. Chapman covenanted to keep the buildings insured for the sum of $2,000 and the policy assigned to Dunlop. The said insurance was effected by the mortgagor and

kept assigned to the plaintiff until November 16, 1874, when it was allowed to expire. Chapman W. Avery then procured a new policy for $3,000 in his own name, without having it assigned to the plaintiff.

About March 6, 1875, Chapman being indebted to his brother in the sum of $400 for money loaned to him, borrowed of him $1,000 more, and gave to him his bond and mortgage for $1,400 upon the same premises, and covenanted to keep the premises insured for the benefit of said Egbert, and had indorsed upon said $3,000 policy: "Loss, if any, payable to Egbert I. Avery, as his interest may appear." On the expiration of this policy Chapman procured a new policy to be issued on his buildings for $2,000 to him, with an indorsement thereon, "*Loss, if any, payable to Egbert I. Avery,* as his interest may appear," and delivered the same to Egbert, who kept it in his possession, procuring the same to be renewed from time to time as the same became due, Chapman paying all the premiums.

The plaintiff had no knowledge until after the fire that his insurance was not kept good, nor did Egbert have any knowledge that Chapman had covenanted to keep the premises insured for plaintiff's benefit. The buildings were destroyed by fire October 13, 1877. Defendant claims that he is entitled to be paid his $1,400 and interest out of the $2,000 insurance money and the remainder only should go to Dunlop.

*Dan'l Pratt*, for the appellant.

*Burdick & Burdick*, for the respondent.

RUMSEY, J. :

It is well settled in this State that a mortgagee can have no claim upon a policy of insurance made to his mortgagor, unless he can base his claim upon some agreement. If, however, the mortgagor has in the mortgage agreed to effect an insurance upon the mortgaged property for the benefit and protection of the mortgagee, the latter has an equitable lien upon the money due on the policy in case of loss, to the extent of his interest in the property. And this is so whether the policy is issued to or made payable to him in case of loss, or it be taken in the name of the mortgagor and no refer-

ence is made in it to the mortgagee, for equity would in such case presume the policy was obtained in pursuance of his agreement in the mortgage for the benefit of his creditor, and would so treat it. (*Cromwell* v. *The Brooklyn Fire Ins. Co.*, 44 N. Y., 42, and cases there cited.) The mortgage made by Chapman W. Avery to the plaintiff, dated first December, 1870, contains an express covenant to keep the property insured for the plaintiff's benefit, and gave to him an equitable lien on any insurance Avery should make on such property. This mortgage was duly recorded on the day of its date in Onondaga county. If the case *In re Sands* (3 Bissell [Dist. Ct. U. S.], 175) is sound law, this covenant to insure, in view of the rules of equity, acted upon the insurance as soon as it was effected, run with the land and, being recorded, gave notice to all subsequent incumbrances that the policy was treated as equitably assigned to the plaintiff. The direct effect of this ruling is that equity made the assignment to the plaintiff of every policy obtained by the mortgagor the moment he procured it, and the record gave to subsequent incumbrances notice of such equitable assignment.

There are some principles of law in the way which make it very doubtful whether such a covenant to insure runs with the land, but it is not necessary for the purpose of upholding the judgment in this case that such should be held to be the law. The mortgage to the plaintiff in terms gave to the plaintiff a direct lien on the premises, and if it was insured by the mortgagor, and through the instrumentality of fire was converted into money, the effect of the covenant to insure was to extend the lien of the plaintiff over such money, which was only the mortgaged property in another shape. Equity deals with real estate as if it was money, and money as if it was real estate, as the exigencies of the case or the rights of the parties require. The defendant Egbert Avery took his mortgage for $1,400 on the 6th of March, 1875, from Chapman Avery, with the covenant on his part to keep the property insured for the sum of $3,000, the loss, if any, payable to Egbert Avery as his interest should appear. Why this covenant provides for an insurance of $3,000 to further secure a debt of $1,400, is difficult to conceive, unless the parties had in their minds the previous covenant to insure $2,000 for the benefit of the plaintiff. Be this as it may,

Egbert Avery took his mortgage with the imputed knowledge which the prior record of the plaintiff's mortgage imposed upon him. The facts of which such record gave him notice were, that the premises were mortgaged to the plaintiff to secure the payment to him of the sum of $2,000, and that Chapman Avery, the mortgagor, had covenanted to keep the premises insured for $2,000, and that the loss, if any, should be paid to the plaintiff, or so much thereof as was necessary to satisfy the unpaid balance upon his mortgage. (2 Leading Cases in Equity, 168, 169.) This notice is well stated by Judge JEWETT in *Truscott* v. *King* in (2 Selden, 161), as follows: "But in order to secure good faith and prevent error and imposition in dealing, it is necessary that the agreement, as contained in the record of the lien, whether by mortgage or judgment, should give all the requisite information as to the *extent* and certainty of the contract, so that a junior creditor may, by inspection of the record, and by common prudence and ordinary diligence ascertain the extent of the incumbrance." All the policies of insurance, issued upon the mortgaged property subsequent to the date of plaintiff's mortgage, were obtained by Chapman Avery, were issued to him in his own name and he paid all the premiums which were paid upon them. An inspection of plaintiff's mortgage by the defendant Egbert Avery, would have advised him that plaintiff had not only a lien upon the property in specie, but also upon any policy of insurance the mortgagor should effect on the property, thus giving him a lien on it in the shape of money if it should assume that form. If, with this knowledge of plaintiff's equities in the insurance, the defendant Egbert undertook to obtain any lien upon it, or the money paid under it on a policy obtained by Chapman Avery on the mortgaged property, he did so with notice of plaintiff's right to those moneys and subject to those rights. If Egbert Avery desired further security by way of insurance for his debt on the mortgaged property, free from the effect of plaintiff's prior equities, he could have obtained it by procuring an insurance in his own name, upon his interest as mortgagee, for his own benefit.

The judgment should be affirmed, with costs.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed, with costs.