ROBERT DUNLOP Respondent, v. EGBERT I. AVERY, Impleaded,
etc., Appellant.

The rule that where a mortgagor has covenanted in his mortgage to keep
the buildings upon the mortgaged premises insured for the benefit of the
mortgagee, any insurance effected in the name or for the benefit of
the former will be presumed to be in fulfillment of the covenant, and
that the latter has an equitable lien upon the insurance money, does not
apply when the policy itself provides for the payment of the loss to
another incumbrancer.

The recording of a mortgage containing a covenant to keep the buildings
on the mortgaged premises insured does not charge a subsequent incum-
brancer with constructive notice of the covenant; the Recording Act has
no application to it.

Such a covenant is not one running with the land, but is entirely personal in its character.

Where, therefore, after the execution of two mortgages upon the same premises, each of which contained such a covenant, the mortgagor procured a policy, by the terms of which any loss was made payable to the junior mortgagee, to whom the policy was delivered, and who, until after a loss, had no actual notice or knowledge of the covenant in the senior mortgage, *held*, that as the legal title was in the junior mortgagee, the equities being equal, such title must prevail ; and that he was entitled to the insurance moneys.

Also *held*, that the fact that the provision in the policy making the loss payable to the junior mortgagee was inserted at his request or by his procurement did not, in the absence of any proof of fraud, affect his rights.

*It seems* that even had it appeared that the junior mortgagee had notice of the insurance clause in the senior mortgage, in the absence of notice to him that it had not been performed, his rights would not have been affected.

*Dunlop* v. *Avery* (23 Hun, 509), reversed.

(Argued June 16, 1882 ; decided October 10, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made March 21, 1881, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 23 Hun, 509.)

This action was brought to foreclose a mortgage to secure $2,000, executed December 1, 1870, by defendants Chapman W. Avery and wife upon certain premises situate in the village of Jamesville, Onondaga county.

The mortgage contained a covenant on the part of Avery to keep the buildings upon the premises insured for $2,000, loss, if any, payable to the mortgagee. Said mortgage was duly recorded on the day of its date. Avery, in compliance with the covenant, kept the buildings insured for the benefit of plaintiff until November 16, 1874, when the policy expired. He then took out a policy in his own name for $2,000, omitting the clause making the loss payable to plaintiff. On March 6, 1875, said Avery executed to defendant Egbert I. Avery a mortgage upon the same premises for the sum of $1,400, which mortgage contained a covenant on the part of the mortgagor to keep the

premises insured for $3,000, loss, if any, payable to the mort-
gagee, and soon after, at the request of the parties to said mort-
gage, the insurance company wrote in said $3,000 policy a pro-
vision making the loss payable to said Egbert.   On November
13, 1875, when said policy expired, said Chapman pro-
cured another for $2,000, loss, if any, payable to Egbert,
which was delivered to the latter, and was renewed in
1879, the premiums being paid by Chapman.   On October 13,
1877, the buildings were destroyed by fire.   The referee found
that Egbert had no actual notice or knowledge that plaintiff's
mortgage contained said covenant until after the fire.   The
only question litigated was as to the right to the insurance
money.   The referee held that plaintiff had the priority of
right, in case of any deficiency, to the extent of such deficiency.

*D. Pratt* for appellant.   When the owner of the equity of
redemption of mortgaged premises procures them to be insured
for his own benefit, the mortgagee has no interest in the in-
surance money in case of loss, although the former was person-
ally liable for the mortgage debt.   (*Carter* v. *Rockett, and the
N. Y. Fire Ins. Co.,* 8 Paige, 437 ; Angell on Insurance, § 60.)
Where a mortgagor is bound by contract to keep the premises
insured for security to the mortgagee, the latter will have, as
between him and the mortgagor, an equitable lien for money
received upon a policy issued to the mortgagor, to the extent of
the interest of the mortgagee.   (Angell on Insurance, § 62;
*Thomas, adm'r,* v. *Van Kapff, ex'r,* 6 Gill. & Johns. 372;
*Vernon* v. *Smith's Ex'rs,* 5 Barn & Ald. 1.)   Where the equities
are equal, the legal right must prevail.   (1 Story's Eq. Jur.,
§ 64 C ; *Fitzsimmons* v. *Ogden,* 7 Cranch, 2 to 18 ; *Newton* v.
*Clark,* 41 Barb. 285; *Grinstone* v. *Carter,* 3 Paige, 481;
*Cromwell* v. *The Brooklyn Fire Ins. Co.,* 44 N. Y. 42–47;
*Wheeler* v. *The Ins. Co.,* 11 Otto, 439.)   The defendant Eg-
bert is not chargeable in this case with notice of plaint-
iff's equity, as no notice is alleged in the complaint and
none was proved on the trial.   (*Stuyvesant* v. *Hall,* 2 Barb.
Ch. 151, 155; *Howard Insurance Company* v. *Halsey,*

8 N. Y. 273; *Talmadge* v. *Wilgers*, 4 Edward, 239.) The record of Dunlop's mortgage, if notice of the existence of the mortgage itself, is not notice of the insurance clause. (Willard's Equity, 256; Bispham's Equity, § 271; *Pitcher* v. *Barrows*, 17 Pick. 361; *Boggs* v. *Varner*, 6 Watts & S. 469; 2 Bosw. 178; *Gillig* v. *Maas*, 28 N. Y. 191.) The covenant in this case is purely personal, in nowise affecting the land, and therefore collateral and not running with the land. (*Masury* v. *Southworth*, 9 Ohio St. 340; *Douglass* v. *Murphy*, 16 U. C. Q. B. 113; *Keteltas* v. *Coleman*, 2 E. D. Smith, 408, affirmed in Ct. of App.; Platt on Covenants, 183; 3 Law Lib. 181; Platt on Leases, 226–228; *Clark* v. *Wells*, 3 Wilson, 25; 17 Wend. 136, 150; *Spencer's Case*, 5 Coke, 15*a*; *Norman* v. *Wells*, 17 Wend. 138, 150.)

*H. Burdick* for respondent. The covenant by the mortgagor to insure the buildings for plaintiff's benefit was the main security for the loan and, in the event of the destruction of the buildings by fire, gave plaintiff an equitable lien on the insurance money under any policy procured and paid for by the mortgagor on the buildings covered by the mortgage. (*Carter* v. *Rockett and N. Y. Fire Ins. Co.*, 8 Paige's Ch. 437; *Cromwell* v. *The Brooklyn Fire Ins. Co.*, 44 N. Y. 42.) The covenant to insure, being incorporated in the mortgage and recorded, became properly a part of the record, and constructive notice to any subsequent incumbrancers or purchasers. (*Truscott* v. *King*, 2 Seld. 147, 161; 2 Lead. Cases in Equity, 168–9; *Ackerman* v. *Hunsicker et al.*, 85 N. Y. 43; *In re Sands*, 3 Bissell [Dist. Ct. U. S.], 175; 39 Barb. 227.) A recital in a deed forming a link in the chain of title, of any facts which should put a subsequent grantee or mortgagee upon inquiry and cause him to examine other matters by which a defect in the title would be disclosed, is constructive notice of such defect. (*Acer* v. *Wescott*, 46 N. Y. 384–392; *Youngs* v. *Wilson*, 27 N. Y. 354.) Egbert I. Avery took his mortgage with the imputed knowledge which the prior record of the plaintiff's mortgage imposed upon him. (*Trus-*

*cott* v. *King*, 2 Seld. 161 ; 2 Leading Cases in Equity, 168.) Plaintiff's legal and equitable lien is prior and superior to the defendant Egbert Avery's. (3 Paige, 436.)

MILLER, J. The first mortgage executed to the plaintiff as well as the one afterward executed to the defendant Egbert I. Avery, each contained a covenant to keep the buildings upon the premises insured, and that the loss, if any, should be paid to the several mortgagees. In the policy first taken for $2,000, the loss was made payable to the plaintiff. Subsequently another policy was issued for $3,000, without being made payable to the plaintiff, and after this a mortgage was executed to the defendant Egbert I. Avery, and a new policy was issued for the same amount, and the loss made payable to Egbert I. Avery, as his interest might appear. At this time all parties were amply secured. At a later date upon the expiration of the last-named policy of $3,000, another policy was issued for $2,000, loss, if any, payable to said defendant, which was delivered to and kept by him, and he thus became vested with the legal title to the same. Under these circumstances the question arises whether the plaintiff had such an equitable right to the money arising from the policy as entitled him to a priority over the defendant to whom the loss was made payable. The claim of the plaintiff rests upon the covenant by the mortgagor contained in the mortgage to him to insure the buildings, which, it is insisted, was given as security and part of the agreement for the loan, and which, in connection with the insurance, was a lien upon the buildings and a part of the mortgage lien on the land and buildings and the insurance money arising from the buildings in the event of their destruction or loss by fire. This position was sustained by the trial court, and the opinion of the General Term holds that Egbert I. Avery took the mortgage with imputed knowledge and notice of the covenant to insure which was contained in the record of the plaintiff's mortgage. We do not concur in this view, and are unable to perceive how the prior mortgage could without especial notice of its contents deprive the defendant of the

right to the money under the policy which was payable to him. There is no doubt as to the correctness of the rule that when the mortgagor is bound by the terms of the mortgage to keep the premises insured for the security of the mortgagee, that as between him and the mortgagor an equitable lien arises in favor of the mortgagee for the money received upon the policy to the extent of the mortgage. In the case considered both parties had mortgages with similar covenants and if the policy had been sufficiently large the property furnished ample security for the loans. Had both been equally vigilant no loss would have accrued to either. The plaintiff failed to make provision by which the insurance was kept up so as to cover his mortgage. For three years he neglected that duty, while it may be assumed that the defendant was sufficiently alert to see that his mortgage was secured by a policy providing for payment to him in case of loss. The plaintiff could have been secured had he given the subject due attention. He failed to keep the policy alive, as he had a perfect right to do at the expense of the property under the covenant on this mortgage and the loss was caused by his fault and neglect.

The title to the insurance money under the provision in the policy was in the defendant, and the equities being equal between the parties, the legal title must prevail. (*Newton* v. *Clark*, 41 Barb. 285 ; *Grimstone* v. *Carter*, 3 Paige, 421.) The equity of the plaintiff rests upon the covenant in the mortgage as to the policy of insurance. The defendant stands in precisely the same position with a right to the insurance money in case of the loss under the same, and thus his right is a superior one. The rule that when the mortgagor covenants to keep the buildings insured for the benefit of the mortgagee, that any insurance which may be effected in the mortgagor's own name or for the benefit of the mortgagor will be presumed to be in fulfillment of his covenant is well established, but this presumption arises only in the absence of proof to the contrary, and this is not the legal presumption when the policy itself provides for the payment of the loss to another incumbrancer.

The case of *Cromwell* v. *The Brooklyn Fire Insurance Co.*

(44 N. Y. 42; 4 Am. Rep. 641), which is relied upon by the plaintiff's counsel, is not in conflict with this doctrine, but fully sustains it. In that case the plaintiff was the assignee of a vendor's interest under a contract for the sale of real estate which provided for an insurance by the vendee, for the benefit of the vendor, and it was held that he was equitably entitled to the moneys due upon a policy of insurance procured by the vendee in his own name. The same principle was upheld in *Carter* v. *Rockett* (8 Paige, 437). Neither of these cases furnish any ground for the rule that where the policy provides for the payment of loss to a subsequent mortgagee that a prior mortgagee can claim the insurance money. There was no fraud on the part of the defendant and nothing was unjust or inequitable in taking an insurance which covered the amount of his loan upon property which was of sufficient value to secure both of the mortgagees. Much more is the defendant entitled to priority, in view of the finding of the referee, that the defendant had no knowledge or notice of the covenant in the mortgage to the plaintiff to keep the premises insured for his benefit.

The counsel for the defendant cites several cases which, it is claimed, uphold the doctrine that the covenant to insure being included within the terms of the mortgage as much as other provisions is a material and necessary provision pertaining to the realty and affects the same, and becomes properly a part of the record and constructive notice to any subsequent incumbrancers or purchasers. (*Truscott* v. *King*, 2 Seld. 147; *Ackerman* v. *Hunsicker*, 85 N. Y. 43; 39 Am. Rep. 621.) These cases have no relation to a covenant to insure, and do not bear directly upon the question here presented, but upon the effect to be given to judgments and mortgages under the Recording Act in reference to subsequent incumbrancers and purchasers. The Recording Act has, we think, no application to the covenant in question and notice of the covenant must depend upon proof without reference to its provisions. It does not contemplate that such a covenant in a mortgage shall be more effective from the fact, that such mortgage is placed on the record, or that the re-

cording makes it an incumbrance upon the mortgaged property. The object of the Recording Act was to protect subsequent purchasers and incumbrancers against previous unrecorded instruments, and not against a covenant relating to the policy of insurance upon buildings upon the premises. Instruments which affect the land and the title to the same only are entitled to record, and not such as relate to collateral matters. (*Gillig* v. *Maass*, 28 N. Y. 191.) Nor is there any force in the position that the covenant to insure runs with the land, and hence no assignment was required of the policy. *In re Sands* (3 Bissell [U. S. D. C.], 175) so far as it upholds such a doctrine it is not, we think, well founded. The covenant in question is entirely personal in its character, does not affect the land or run with it, and is collateral and incidental to the remaining covenants in the mortgage. A conveyance of the land by the mortgagor would not, we think, render the vendee liable on the covenant. (See Platt on Covenants, 183 ; 3 Law Lib. 181 ; Platt on Leases, 226–228 ; *Newman* v. *Wells*, 17 Wend. 150.) Nor is there any valid ground for the contention that the covenant in the mortgage operated as constructive notice.

Upon no sound principle was the defendant bound to examine the record, and thus become acquainted with the terms and conditions of the first mortgage, and the covenant as to insurance, and his omission to do so is not such neglect as gave priority to the plaintiff's claim for the insurance money. Even if it was established that the defendant had notice of the insurance clause in the mortgage, as he had none, that it had not been performed, it is not apparent how he could be made chargeable. Nor are the rights of the defendant affected even, although the provision in the policy making the loss payable to him was inserted at the request or by the procurement of the mortgagee. The mortgagee had the right to procure such a provision in his own favor, and so long as it was done without notice of the covenant in favor of the plaintiff in his mortgage, and without fraud on his part, it was legal and valid. The act itself was not fraudulent on its face and

cannot deprive the defendant, in the absence of proof of any intention to commit a fraud, of the rights secured thereby.

No other point made requires examination, and we think that the referee erred in directing a judgment in favor of the plaintiff, and the General Term also erred in affirming the same, and such judgment should be reversed so far as it relates to the application of the insurance money, which should be awarded to the defendant Egbert I. Avery, with costs against the respondent personally.

All concur.

Judgment accordingly.