## HATHAWAY *v.* ORIENT INS. CO.

*(Supreme Court, General Term, Fifth Department.   October 23, 1890.)*

1. INSURANCE—ASSIGNMENT OF POLICY—RIGHTS OF MORTGAGEE.
   Where a mortgage provides that the mortgagor shall keep the building upon the mortgaged land insured, and shall assign the policy to the mortgagee, the policy as soon as it is taken inures to the benefit of the mortgagee, as if actually assigned and delivered to him.

2. SAME.
   In such case the equities of the mortgagee cannot be defeated by an adjustment of the loss between the owner of the property and the company, without his consent, and with full knowledge of the provisions of the mortgage; and it is not necessary for him to allege or prove actual fraud in order to insist that his rights were not affected by the adjustment.

3. SAME.
   A mortgage covered a grist-mill, with all the fixtures, etc., upon the premises for making and storing cider, and manufacturing or making vinegar. *Held*, that an Acme oil-engine, cider-mill, grinder, presses, paring-machines, belts, shafting and pease-slicer, were "fixtures," within the meaning of the mortgage.

Appeal from judgment on report of referee.

Action by Austin E. Hathaway against the Orient Insurance Company. There was judgment for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Richard Crowley*, for appellant.   *Stanley E. Filkins*, for respondent.

CORLETT, J.   On the 1st day of June, 1879, Robert R. Treat and wife executed a mortgage to Samuel S. Rising, to secure the sum of $2,000, on two tracts of land and the undivided half of another, situate in the town of Somerset, Niagara county. The mortgage was conditioned to pay $2,000 in 10 equal annual installments of $200 each, with semi-annual interest. In the description of the first parcel, which is involved in this action, the mortgage stated: "It being the lot on which the Novelty grist-mill now stands, containing more or less, with all the fixtures, tools, and articles kept or used upon the said premises for making and storing cider, and manufacturing or making vinegar." It was also provided in the mortgage that the party of the first part should keep the buildings erected, or to be erected, upon the lands insured against loss or damage by fire in an amount to be approved by the mortgagee, and that the policy should be assigned to him, and that in default thereof the party of the second part might procure the insurance. The mortgage was accompanied by a bond. Treat conveyed the undivided half of the premises to Albert E. Bennett, and afterwards, and on the 21st day of November, 1887, Treat and Bennett conveyed to Theodore W. Breckon that portion of the premises designated as the "Novelty Mill Property." The mortgage was assigned

in December, 1887, to Guy C. Humphrey, as executor of the last will and testament of Samuel S. Rising, deceased, who was the mortgagee. Humphrey had been appointed executor of this will on the 2d day of January, 1889. There was unpaid on the mortgage $2,000. The assignment was recorded in the Niagara county clerk's office. The defendant is a foreign corporation, engaged in the business of fire insurance, and on the 2d day of January, 1889, it issued its policy, dated that day, to Theodore W. Breckon. The policy was for $1,900,—$1,200 on frame, two-story, shingled-roofed building, with adjoining and communicating additions thereto, including foundations and fixtures, and the contents of the same, which property was occupied as a warehouse and cider-mill; $200 on Acme oil-engine and boilers, with connections, including settings and foundations; $200 on machinery, tools, etc.; $300 on stock and supplies, including stock in all stages of manufacture,—all in the Novelty mill. On the 19th of February, 1889, a fire occurred, which consumed all the property covered by the policy. Proofs of loss were served by Theodore W. Breckon on the 29th of March, 1889, and the amount of loss claimed in the proofs of loss was $1,900. In a schedule annexed to the proofs were the items of loss, amounting, as therein stated, to $2,632.74. On the 14th of June, 1889, Breckon and the appellant estimated the loss of the buildings destroyed, including machinery and personal property, at $1,200, $700 of which was paid to Breckon, and $500 was sent to the plaintiff, who refused to accept it. The adjustment between Breckon and the defendant was without the knowledge or consent of the plaintiff. There was no controversy as to the value of the property burned. The controlling contention on the part of the appellant is that the adjustment made between the defendant and Breckon is conclusive upon the plaintiff. The complaint alleges, in substance, the issuing of the policy, the character of the property, and states that the plaintiff's interest in the property destroyed was $1,574.70. The answer, among other things, puts in issue the amount due the plaintiff under the policy, and also sets up the settlement between it and Breckon, including payment in pursuance thereof, as a bar. The action was referred to a referee, before whom a trial was had, who found the facts in favor of the plaintiff's contention, including the claim that the fixtures for which he recovered were a part of the realty. The evidence on the trial tended to support the referee's findings. No objection was taken by demurrer or answer to the plaintiff's right to maintain the action, and objection on that ground is not available. Code Civil Proc. §§ 487, 498, 499. But the objection that the complaint did not state a cause of action is not waived. *Tooker* v. *Armoux*, 76 N. Y. 397. The action could be maintained in the name of the mortgagee to recover the amount of his interest. *Pitney* v. *Insurance Co.*, 65 N. Y. 6. Breckon and the defendant had full knowledge of the provisions of the mortgage in reference to insurance at the time of the adjustment. Under such circumstances, the mortgagee or assignee could recover the amount due, as provided in the mortgage. *Cromwell* v. *Insurance Co.*, 44 N. Y. 42; *Dunlop* v. *Avery*, 89 N. Y. 592; *Reid* v. *McCrum*, 91 N. Y. 412. A mortgagee has an insurable interest in property. *Cone* v. *Insurance Co.*, 60 N. Y. 619-624; *Dakin* v. *Insurance Co.*, 13 Hun, 122; affirmed, 77 N. Y. 600. Proofs of loss were properly served by Breckon. 2 Wood, Ins. § 438. Breckon could not bind the plaintiff by any contract of adjustment with the defendant. Id. § 370; *Ennis* v. *Insurance Co.*, 3 Bosw. 516-520; *Martin* v. *Insurance Co.*, 101 N. Y. 498, 5 N. E. Rep. 338. The authorities cited by the learned counsel for the appellant do not conflict with the doctrine of the above cases. Although the policy had never been assigned to the plaintiff, that fact cannot impair his rights. It was contemplated that the policy should be taken in the name of the owner for the benefit of the mortgagee to the extent named. As soon as it was taken, it inured to the benefit of the mortgagee, the same as if it had been actually assigned and delivered. Equity regards as already done what the

parties have agreed to do. *Lanning* v. *Tompkins*, 45 Barb. 308–316. It is too plain for argument that the equities of the mortgagee could not be defeated or impaired by any contract or arrangement between the owner of the property and the insurance company without his knowledge or consent. It was not necessary to allege or prove actual fraud. It was sufficient for the plaintiff to show what occurred, which would place him in a position to insist that his rights were not affected by the adjustment between Breckon and the defendant. The mortgage, by its terms, covered the property for which the plaintiff recovered; and it must be assumed that the agreement to keep it insured for the benefit of the mortgagee was intended to embrace all the property attached to the realty described in the mortgage. The Acme oil-engine, cider-mill, grinder, presses, paring-machines, belts, shafting, and pease-slicer were fixtures within the meaning of the parties. *McRea* v. *Bank*, 66 N. Y. 489; *Ward* v. *Kilpatrick*, 85 N. Y. 413; *Tifft* v. *Horton*, 53 N. Y. 377; and *Hart* v. *Sheldon*, 34 Hun, 38,—sustain and illustrate this position. No errors were committed in the admission of evidence to which exception was taken which would authorize a reversal. The judgment must be affirmed. All concur.