JOSEPH KIRCHGRABER, Appellant, v. W. H. PARK, Respondent.

St. Louis Court of Appeals, March 5, 1894.

Mortgages: RIGHT OF MORTGAGOR TO INSURE IN EXCESS OF AMOUNT COVENANTED FOR. A mortgagor, who has covenanted to insure the mortgaged property in a fixed amount for the benefit of the mortgagee, has the right nevertheless to procure additional insurance in favor of himself or a subsequent incumbrancer, so long as the total insurance does not exceed the value of the property.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*T. J. Delaney* for appellant.

It is well settled that an agreement by a mortgagor to insure for the benefit of his mortgagee gives the latter an equitable lien upon the proceeds of a policy taken out by the former and embraced in the agreement. So, when the agreement is that loss shall be payable to mortgagee, if the mortgagor procures insurance in his own or another person's name without making it payable to the mortgagee, equity will give the mortgagee an equitable lien on the funds; and this is so, although such insurance is without the mortgagee's knowledge, or without any intent to perform the agreement. *Wheeler v. Ins. Co.*, 101 U. S. 439; *Cromwell v. Ins. Co.*, 44 N. Y. 44; *Miller v. Aldrich*, 31 Mich. 408; *In re Sand Brewing Co.*, 3 Biss. 175; *Ames v. Ins. Co.*, 29 Minn. 330; *Carter v. Rockett*, 8 Paige Ch. 437; *Nordyke, etc., Co. v. Gerry*, 112 Ind. 535. Park had full knowledge of the agreement and covenant of Heckart. He received the benefit of such agreement, and he can not impair the security of the first mortgagee by procuring subsequent insurance. With such knowledge he can not acquire any greater rights than the mortgagor, Heckart, as against the first mortgagee. *Miller v. Aldrich*, 31 Mich. 408. From this it follows that if the policy of the first mortgagee is "scaled" by the act of mortgagor, or subsequent mortgagee having notice of covenant to insure in first mortgage, it is to that extent impaired, and must be made good. *Miller v. Aldrich*, 31 Mich. 408; *Nordyke, etc., Co. v. Gerry*, 112 Ind. 535.

*White & McCammon* for respondent.

There was no privity between the plaintiff and defendant. The covenant to insure contained in Heckart's mortgage is construed by the courts to be a personal covenant, which does not run with the land, and affects no one but the covenantor. 1 Jones on Mortgages, sec. 401; *Reid v. McCrum*, 91 N. Y. 412; *Dunlop v. Avery*, 80 N. Y. 593; *Gilling v. Maas*, 28 N. Y. 191. Another consideration, absolutely fatal to the plaintiff's case, is that the covenant upon which he relies, was fully complied with by the procurement and assignment of the two first policies of $1,000, each. The covenant being complied with by the insurance thus taken out for his benefit, the plaintiff was not entitled to the benefit of other insurance taken out by the mortgagor for his own benefit, or the benefit of another. *Nordyke, etc., Co. v. Gerry*, 112 Ind. 535; *Ins. Co. v. Scammon*, 28 N. E. Rep. 919; Platt on Covenants, 139, 140.

BOND, J.—The petition alleges that the plaintiff was the holder of a deed of trust on certain land, made to secure a debt of $2,000, which deed of trust contained a covenant on the part of the maker to insure the premises described therein in the sum of $2,000 for the benefit of the plaintiff; that thereupon one H. M. Heckart, the maker of said trust deed, in accordance with this covenant took out two policies of insurance of $1,000 each for the benefit of the plaintiff.

The petition further alleges that the defendant afterwards procured a second deed of trust on said premises, and became the beneficiary in a third policy of insurance taken out by said Heckart on said property for the sum of $1,000; that, at the time of these transactions, defendant well knew of the covenant between

said Heckart and plaintiff touching the insurance of said premises for the benefit of plaintiff.

The petition further states that the said Heckart afterwards conveyed said premises to J. A. and L. M. Biggs, subject to the two preceding deeds of trust, and took back a deed of trust to secure payment of the purchase money; that, prior to this conveyance to Biggs, the said Heckart procured other insurance in the sum of $1,200 on said property; that, when he sold said property to said Biggs, he assigned the said policy of $1,200 to them, and thereafter caused the loss to be made payable to himself as his interest might appear; that all the insurances subsequent to that taken out for the benefit of plaintiff, and all the subsequent conveyances after the deed of trust for plaintiff's benefit, were had and done without the knowledge and consent of plaintiff; that, while the said policies aggregating $4,200 were in full force and effect, a fire occurred resulting in the total destruction of the premises insured; that thereupon the aforesaid parties without the consent of plaintiff adjusted the loss at the sum $3,013; that the policies held by the plaintiff each provided that, in case there should be any other insurance on said property, these companies should not be liable for any greater portion of the loss than their policies bore to the entire amount of insurance; that, by reason of this clause and the conduct of defendant and said Heckart in procuring other insurance, the two companies whose policies plaintiff held, only became liable each for $\frac{10}{42}$ of said $3,013, to wit, $620, which sum was paid to plaintiff by each of said companies, leaving the balance due him of $760; that against the protest of plaintiff the said defendant received from said Orient Insurance Company the sum of $720, which in equity and good conscience was due and payable to plaintiff; that said J. A. and L. M. Biggs received the proportion of said insurance, which

under the policies they were entitled to, to wit, $\frac{12}{42}$ of $3,013, without knowledge or consent of plaintiff or said Mills, and left the country immediately; that their where-abouts is and has been unknown, and that they left no property whatever, real or personal; that said Heckart is, and was at the time of said loss and since has been, wholly insolvent; that in equity and good conscience the said defendant should not be permitted to take advantage of his own wrong in reducing the security of plaintiff, who is equitably entitled to an appropriation of the entire insurance fund until he be paid said sum of $2,000; that the ground was sold by plaintiff under said deed of trust and only brought $60, and the same was only worth $100 without improvements; that plaintiff is remediless at law, and therefore prays that said funds so received by defendant be declared a trust fund, and that he be compelled to pay plaintiff herein, who is and was at several times herein mentioned the true owner of said note, the sum of $720 and interest, and for such other relief as the court may deem proper.

The defendant demurred to this petition on the ground that it stated no cause of action against him. The trial court sustained the demurrer. Plaintiff appealed, and assigns as error that the demurrer of the defendant was improperly sustained.

The ruling of the trial court in sustaining the demurrer to plaintiff's petition was correct. The only theory on which plaintiff could recover is that he was the covenantee of an agreement on the part of his mortgagor to insure the property for a certain sum, and that defendant *with notice of this covenant* diverted the insurance which should have been paid to plaintiff, or became the payee of another policy taken out by the mortgagor, which latter policy necessarily impaired or diminished the fund going to plaintiff under the insurance taken out in fulfillment of the covenant to insure

for plaintiff's benefit. This theory is sustained by the best considered cases, and is thus declared:

"A contract of insurance against fire, as a general rule, is a mere personal contract between the assured and the underwriter to indemnify the former against the loss he may sustain. But the assured, by an agreement to insure for the protection and indemnity of another person, having an interest in the subject of the insurance, may unquestionably give such third person an equitable lien upon the money due upon the policy to the extent of such interest." *Carter v. Rockett*, 8 Paige, 437; *Wheeler v. Ins. Co.*, 101 U. S. 439; *Nordyke & Marmon Co. v. Gery*, 112 Ind. 535.

Such lien would be valid as to all intervenors or claimants of the fund *with notice* of the covenant or agreement. *Miller v. Aldrich*, 31 Mich. 408; *Cromwell v. Brooklyn Fire Ins. Co.*, 44 N. Y. 42.

But such a lien, being based on a mere personal covenant, does not run with the land, nor is it enforceable against claimants to the fund, not affected with notice of the covenant or agreement creating the lien. *Reid v. McCrum*, 91 N. Y. 412; *Dunlop v. Avery*, 89 N. Y. 592.

The facts stated in plaintiff's petition do not, however, call for the application of these principles of law. According to the showing made in the petition, the insurance taken out for plaintiff's benefit and that taken out for defendant's benefit together amounted to only $3,000. The value of the property *exceeded* this sum. As far, therefore, as the act of defendant is concerned, it did not *cause* the "scaling" of the policies held by plaintiff.

That result was occasioned by the subsequent policy taken out by the mortgagor for J. A. and L. M. Biggs, with which transaction defendant had no connection.

All the authorities cited *supra* decide that a mortgagor, notwithstanding his covenant to insure for the benefit of the mortgagee, is vested with the right to take out *additional* insurance on his equity of redemption up to the full value of the property for his own benefit, or that of a second incumbrancer.

This is all that defendant had any agency in doing according to the facts stated in plaintiff's petition, and, as this transaction alone created no cause of action, the demurrer was properly sustained. The judgment of the lower court herein is affirmed. All concur.