UNION TRUST COMPANY, Plaintiff, *v.* NEW YORK AND LONG ISLAND TRACTION COMPANY and Others, Defendants.

Supreme Court, Nassau County, February 10, 1925.

**Trusts — deed of trust — insurance moneys in hands of receiver of railroad constitute portion of trust property — said moneys may not be applied to purchase of railroad equipment over objection of trustee.**

Insurance moneys in the hands of a receiver of a railroad corporation, which had conveyed all its property under a deed of trust to the plaintiff, as trustee, received as proceeds covering loss of equipment by fire, constitute a portion

**760** UNION TRUST CO. *v.* N. Y. & LONG ISLAND TRACTION CO.

Supreme Court, February, 1925. [Vol. 124

of the corpus of the trust property and may not be applied to the purchase of other railroad equipment over the objection of the said trustee who has a paramount right to determine how such moneys shall be applied.

MOTION by plaintiff for an order directing insurance moneys in hands of receiver be turned over to plaintiff as trustee in action to foreclose deed of trust as mortgage.

*George E. Cogswell,* for the plaintiff.

*H. P. Williams,* for the defendant.

VAN SICLEN, J.:

The plaintiff is a trustee under a deed of trust made in 1902, which conveyed to it all the property which the defendant corporation then had or might thereafter acquire. The deed required the corporation to keep the trust property insured against fire, and that any proceeds of such insurance shall be payable to the trustee for the benefit of the holders of any outstanding bonds. The plaintiff is foreclosing the deed of trust as a mortgage. The defendant receiver was appointed receiver of the defendant corporation's railroad, and in pursuance of such appointment is operating the said railroad. During the past year some of the cars of the railroad were destroyed by fire, and the proceeds of the insurance covering the loss are now in the receiver's possession.

The receiver now makes an application to the court for permission to apply a part of such insurance moneys in his hands to the purchase of a second-hand snowplow and the construction of a connection between the defendant railroad and another one, of which the receiver here is also receiver in another action. The trustee objects to such use of the insurance moneys, claiming they stand in place of the trust property, and requests that said moneys be turned over to it as trustee. Unquestionably the moneys constitute a portion of the corpus of the trust property. While, in the absence of a foreclosure, the trustee might customarily permit the use of such moneys for the purchase of other property to replace that destroyed, yet it undoubtedly has a paramount right in the premises to say how such moneys shall be applied. (*Cromwell* v. *Brooklyn Fire Ins. Co.,* 44 N. Y. 42, 47; *Reid* v. *McCrum,* 91 id. 412.) While it may be, as the receiver claims, that the operation of the railroad may be improved by the expenditures requested, yet there does not seem to be any principle of equity which justifies the exhaustion of the corpus or capital assets of the railroad, as distinguished from revenue in order to improve the operation of the delinquent railroad.

The plaintiff's motion, directing that the insurance moneys in his hands be turned over to the plaintiff as trustee in the premises, is granted.