Burke, J. (dissenting).
The issue presented is whether, in the absence of an agreement so providing, a contract vendee of real property is entitled to have the proceeds of a fire insurance policy, in the vendor’s name only, applied in reduction of the purchase price where the contract of sale required the vendee to pay the insurance premiums, the fire occurring intermediate the execution of the contract and the passing of title while the vendee was in possession of the premises. We think not. This court took advantage of the opportunity afforded by the case of Brownell v. Board of Educ. (239 N. Y. 369) to adopt the doctrine of Rayner v. Preston (18 Ch. D. 1) and unanimously and unequivocally laid down the flat and positive rule that by its nature a policy of property insurance is a personal contract of indemnity which runs solely to the named insured and not with the land, and, in the absence of a specific agreement, a vendee is not entitled to the proceeds of the vendor’s policy because it is not part of the res bargained for and no trust relation exists in regard to it (see Brownell case, supra, pp. 373-374). This court reiterated that rule without qualification four years later (see Reife v. Osmers, 252 N. Y 320, 324). That the Bench and Bar have recognized the rule laid down by the Brownell case as such is attested to by the numerous references in the volumes of legal citations which fail to distinguish or depart from it. That this was the Legis *183 lature’s understanding of the significance of the Brownell case is clear beyond question (see N. Y. Legis. Doc., 1936, No. 65 [M], p. 13; 1936 Report of N. Y. Law Rev. Comm., p. 767). The Legislature was not only aware of the fact that in following this rule this court adopted a minority view, but it was also aware of the fact that it could readily be changed by making appropriate amendments to the Insurance Law as the English Parliament had done to alter the rule of Rayner v. Preston (see 12 & 13 Geo. V, ch. 16, § 105 [1922] mod. and re-enacted as statute 15 Geo. Y, ch. 20, § 47 [1925]; Macgillivray on Insurance Law [2d ed.], pp. 939-940). But it was convinced of the basic soundness of the rule and eschewed the adoption of such amendatory legislation (see N. Y. Legis. Doc., 1936, No. 65 [M] pp. 9-26; 1936 Report of N. Y. Law Rev. Comm., pp. 763-780).
Since the Brownell case there have been only two reported decisions in this State which deal with the issue presented by this case. One, Persico v. Guernsey (129 Misc. 190, affd. without opinion 222 App. Div. 719), which reached the same result that the majority reaches in this case, and the other, Cowan v. Sutherland (6 Misc 2d 71), which holds to directly the opposite. As the only opinion in the Guernsey case indicates, it was decided upon the erroneous theory that the vendor was the trustee of the insurance proceeds because he was trustee of the legal title to the property once the contract of sale was made (see Persico v. Guernsey, 129 Misc. 190, 193). In view of this we do not think that the Guernsey case is sound authority upon which to predicate the decision of the present appeal. Of course, as the other cases cited by the majority were decided before the Brownell case and were on the books at the time the rule in that case was adopted, they do not provide a sound basis for altering the rule.
The majority opinion suggests that we may ignore the rule laid down in the Brownell case {supra) by describing the insurance proceeds as something other than a trust fund, for example, by saying that the contract was insured for the benefit of all the parties concerned. This is not a novel suggestion. Lord Justice James in his dissenting opinion in Rayner v. Preston (supra, p. 15) made a similar suggestion: “I believe it to be considered by the universal consensus of mankind, to be a policy for the benefit of all persons interested in the *184 property ”. However, it was not only rejected by the majority in that case because it was not the law and failed to take into consideration the nature of a policy of property insurance, but the same argument was also rejected by the unanimous Bench of this court in the Brownell case (supra, p. 374) when it declared: “These reasons may savor of layman’s ideas of equity, but they are not law. The majority of the court in Bayner v. Preston were sound in principle. Insurance is a mere personal contract to pay a sum of money by way of indemnity to protect the interest of the insured. (Cromwell v. Brooklyn Fire Ins. Co., 44 N. Y. 42, 47; City of Norwich, 118 U. S. 468, 504, 505.) In common parlance the buildings are insured, but every one who stops to consider the nature of the insurance contract understands that they are not. Both in the forum and the market place it is known that the insurance runs to the individual insured and not with the land. The vendor has a beneficial interest to protect, i.e., his own. The vendee has an insurable interest and may protect himself.”
In light of these circumstances we think that this court should adhere to the rule established by the Brownell case. Such adherence, it seems to us, is imperative, not only because this is a well-recognized rule which the Legislature has not undertaken to change, but also because many businessmen and their lawyers may have entered into contracts in reliance upon it (see Matter of City of New York v. Bedford Bar & Grill, 2 N Y 2d 429).
Accordingly, we believe that the judgment should be reversed and the complaint dismissed.
Dye, Fuld and Froessel, JJ., concur with Desmond, J.; Burke, J., dissents in an opinion in which Conway, Ch. J., and Van Voorhis, J., concur.
Judgment affirmed.