THE COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK on the Complaint of MAE FENNIMORE, Respondent, v. PASQUALE IMPERATO, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

SOPHIE FRANKEL, Respondent, v. SUBURBAN BUS CO., INC., Appellant, and ARNOLD WELLS, Respondent.— Judgment and order of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.

GILLMAN & GERTLER, INC., Appellant, v. KINGSTON HOMES, INC., and CONTINENTAL CASUALTY COMPANY, Respondents, Impleaded with Others, Defendants. — Judgment reversed on the law, without costs, without prejudice, however, to the respondents to make such motion with reference to the complaint, to dismiss for failure to prosecute or otherwise, as they may be advised. The complaint should not have been dismissed on the ground that there was a defect of parties. (McKnight v. Bank of New York & Trust Co., 254 N. Y. 417, 422.) Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

JOSEPH GREENBERG, Appellant, v. 1625 PUTNAM AVENUE CORPORATION and CHARLES TRYNIN, Respondents, Impleaded with Others, Defendants.— Order reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to answer within ten days from the entry of the order herein. We are of the opinion that the complaint contains facts sufficient to state a cause of action. Plaintiff was the owner of a second mortgage upon premises 1615 Putnam avenue, Brooklyn. Defendant Title Guarantee and Trust Company owned a first mortgage upon the same premises. Defendant Putnam Avenue Corporation was the owner of the fee. The owner, in the plaintiff's mortgage, covenanted that it would insure the property against loss by fire for the benefit of the plaintiff. That covenant was breached. Defendant owner, however, insured in favor of itself and the first mortgagee. A small loss resulted, and the first mortgagee waived its rights to the insurance moneys. The facts alleged bring this case within the rule that " where the assured has agreed to insure for the protection and indemnity of another person having an interest in the subject of the insurance, then such third person has an equitable lien, in case of loss, upon the money due upon the policy to the extent of such interest." (Cromwell v. Brooklyn Fire Ins. Co., 44 N. Y. 42; Dunlop v. Avery, 89 id. 592.) Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

WALTER E. HAYNES, Respondent, v. HEWLETT POINT CORPORATION, Appellant, — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.