Samuel Rabin, J.
Motion by an assignee for the benefit of creditors for an order directing four insurance companies to pay to him the proceeds of said fire insurance policies.
Two creditors have cross-moved for an order directing payment of part of said proceeds to them in satisfaction of their alleged liens.
The assignor was in business, operating a supermarket. In April and May of 1960 he bought certain equipment on conditional sales contracts. He also borrowed some money for which he gave a chattel mortgage. In both the chattel mortgage and the conditional sales contracts he agreed to keep the chattels insured against loss by fire for the benefit of the conditional vendors and the chattel mortgagee. He did carry insurance but he never had it indorsed over for the benefit of the vendors or mortgagee.
On June 14, 1960 a fire occurred on his premises resulting in a loss covered by the fire policies. The insurance companies have adjusted the loss for $15,895.58 and said money is now being held by Mr. Gwertzman, the attorney for the New York Board of Fire Underwriters. He is willing to pay it to anyone designated by this court.
The assignee claims that it should be paid over to him. Certain creditors claim that they have an equitable lien upon that fund since it is the proceeds of fire insurance policies and the assignor had agreed to keep the chattels insured against fire for their benefit. Their position is well taken. “It is a general rule that where a mortgagor or conditional purchaser agrees to insure the property for the benefit of the mortgagee or vendor and breaches the agreement by taking out insurance in his own name, the agreement creates, upon loss, an equitable lien on the proceeds in favor of the mortgagee or vendor to the extent of his interest in the property.” (Pomeroy, Equity Jurisprudence, [5th ed.], vol. 4, § 1237, p. 709.)
This rule is supported by the New York decisions. (Cromwell v. Brooklyn Fire Ins. Co., 44 N. Y. 42, 47 ; Greenberg v. 1625 Putnam Ave. Corp., 241 App. Div. 623.)
It does not follow, however, that the fund should be immediately paid to the conditional vendors and the chattel mortgagee. The assignee raises the further point that there should be a hearing (1) to determine what portion of that fund is allocable to damage sustained by the particular chattels mortgaged or sold, and (2) to determine what sum was due to said creditors. This point also has merit.
Accordingly, the matter is referred to an Official Referee to hear and report on the sum due to each secured creditor and *860 how much of the insurance proceeds was attributable to the loss of the particular chattel involved, unless the parties consent that the reference be to hear and determine in which case there will be no necessity to confirm the report and furnish the stenographic minutes of the hearing to Special Term.