■ Nor-Shire Associates, Inc., Respondent, v. Commercial Union Insurance Company et al., Respondents, and Empire Mutual Insurance Co., Appellant.— In an action by a second mortgagee of real property to recover upon five fire insurance policies covering the realty, against five insurance companies each of which had issued a respective one of the policies and against the corporate owner of the realty and the owner's sole stockholder, one of the insurers appeals from an order of the Supreme Court, Nassau County, entered April 13, 1965, which denied its motion to dismiss the complaint for failure to state a cause of action or, in the alternative, to remove the action to the Supreme Court, New York County, and to consolidate it with another pending action brought by the owner and its stockholder. Order affirmed, with $10 costs and disbursements to plaintiff. The second mortgage, executed by the owner of the real property as mortgagor, contained a standard mortgagee covenant, pursuant to subdivision 4 of section 254 of the Real Property Law, requiring the owner to keep the buildings on the mortgaged premises insured against fire for the benefit of the mortgagee. The policy issued by appellant, which named the mortgagor and its stockholder as the insureds, did not contain a provision insuring the premises for the benefit of the plaintiff second mortgagee (see Insurance Law, § 168). Where a mortgagor is bound by covenant to insure the mortgaged premises against loss by fire for the benefit of the mortgagee and breaches the covenant, the mortgagee has what has been called an equitable lien upon the money due on a policy obtained by the mortgagor to the extent of the mortgagee's interest in the property destroyed, even though the policy contains no mortgagee clause and is payable to the mortgagor (5 Couch, Insurance 2d, §§ 29.82, 29.88; 36 Amer. Jur., Mortgages, § 334; *Cromwell* v. *Brooklyn Fire Ins. Co.*, 44 N. Y. 42; *Greenberg* v. *1625 Putnam Ave. Corp.*, 241 App. Div. 623). The CPLR prescribes that its provisions "shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding" (104). "There is only one form of civil action. The distinctions between actions at law and suits in equity, and the forms of those actions and suits, have been abolished" (CPLR, 103, subd. [a]). "If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution" (CPLR, 103, subd. [c]). While plaintiff, unlike a mortgagee named in a policy, will be confronted with defenses which may be raised against the owner of the real property (cf. *Syracuse Sav. Bank* v. *Yorkshire Ins. Co.*,

301 N. Y. 403) and it may be argued that this action involves the splitting of a cause of action (cf. *United States Fid. & Guar. Co.* v. *Graham & Norton Co.,* 254 N. Y. 50, 55), it is our view that, under the circumstances herein, the cause against appellant should not be dismissed for failure to state a proper cause of action (CPLR 104, 103, subds. [a], [c]; cf. 36 Amer. Jur., Mortgages, § 335). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.