*381 OPINION OF THE COURT
Ciparick, J.
Plaintiff vendor instituted this action to recover fire loss insurance proceeds it claims were wrongfully paid by defendant insurer to the insured, defendant vendee, notwithstanding plaintiffs prior notice to the insured of its interest in the proceeds. The issue presented on this appeal is whether plaintiff holds an equitable lien in the insurance proceeds to the extent of its security interest in the insured premises to permit recovery.
On or about March 6, 1987, plaintiff sold the premises, a pizza restaurant, to defendant C & M Pizza Restaurant, Inc. (C & M). In partial consideration of the purchase price, C & M executed a series of promissory notes in the amount of $63,000. As security for this indebtedness, the parties entered into a security agreement pursuant to which C & M warranted, covenanted and agreed to keep the premises insured against loss by fire, theft and other hazards; to name plaintiff as a beneficiary; and to deposit certificates of insurance with plaintiff. Paragraph 14 (A) of the security agreement provides that if the subject chattels or fixtures are destroyed by fire, and there is no default under the security agreement,
"then the proceeds of the fire insurance policy or policies covering such loss shall be deposited under a trust agreement with the attorney for the Secured Party, wherein and whereby such trustee will be directed and authorized to pay out of such funds * * * the cost of repairing and replacing the chattels, fixtures and equipment, so damaged”.
In accordance with the terms of the security agreement, C & M duly filed a UCC-1 financing statement on April 9, 1987. Subsequently, on or about April 21, 1987, C & M procured an insurance policy from defendant, The Investors Insurance Company of America, Inc. (Investors), covering the premises from multiple perils, including fire, for the period March 9, 1987 to March 9, 1988. Despite the express provision in the security agreement, C & M failed to list any loss beneficiary under the policy.
After the catastrophic fire on January 19, 1988, C & M filed a claim with Investors. By certified letter dated April 13, 1988, plaintiff notified Investors of its claim to any proceeds from the fire loss. Notwithstanding this uncontroverted notice, Investors issued a check dated May 18, 1988 for $49,598.52 to *382 C & M. The check was endorsed by an owner of C & M and deposited into an individual account. Plaintiff demanded payment from C & M to satisfy the outstanding indebtedness but C & M refused to remit any moneys.
Thereafter, plaintiff instituted this action against C & M and Investors and, subsequently, moved for summary judgment on its complaint. Investors cross-moved for summary judgment against plaintiff and C & M. Supreme Court denied that branch of the motion for summary judgment as against Investors and granted Investors’ cross motion for summary judgment dismissing plaintiff’s cause of action against it. Supreme Court granted summary judgment against C & M on default.
The Appellate Division affirmed, with one Justice dissenting (Rosario-Paolo, Inc. v C & M Pizza Rest, 194 AD2d 776). The Appellate Division found that although plaintiff had an equitable lien on the proceeds of the insurance policy based on C & M’s breach of the security agreement, Investors did not have a duty to investigate the legitimacy of plaintiff’s claim to the insurance proceeds where plaintiff was not a party to the insurance contract (id., at 778). Consequently, the majority found that Investors was not required to honor plaintiff’s claim.
The dissenting Justice would have awarded plaintiff summary judgment against Investors and denied Investors’ cross motion based on the uncontroverted proof of plaintiff’s entitlement to the policy proceeds under the security agreement, and Investors’ failure to raise any triable issues of fact regarding receipt of plaintiff’s notice of claim to the proceeds or the wrongful payment to C & M. The dissenter opined that the equitable lien established by plaintiff created a separate and distinct obligation on behalf of Investors, which "imposed no burden except prudence,” to preserve the proceeds until the competing claims were resolved, even though the insurer did not have a duty to investigate the validity of the claim (194 AD2d, at 779, supra). We agree, and conclude that Investors is liable to plaintiff for proceeds to the extent of its secured interest.
Plaintiff notified Investors of its equitable stake before Investors paid C & M’s claim, stating:
"Please be advised that * * * [plaintiff has an interest in] the proceeds of the * * * fire insurance policy pursuant to a Security Agreement and Financing Statement (UCC-1) * * * duly filed on April 9, 1987.
*383 "Accordingly, take notice that none of the proceeds of said policy are to be paid to the insured unless the check is also to the order of [plaintiff] as loss payee.”
Investors ignored this notice and issued payment directly to C & M without regard to plaintiff’s interest. We do not quarrel with the Appellate Division’s finding that Investors had no duty to investigate the legitimacy of plaintiff’s claim; however, once Investors had notice of the claim, it paid C & M at its peril and "assumed the hazard of resisting the equity claimed by the plaintiff” (Cromwell v Brooklyn Fire Ins. Co., 44 NY 42, 49; see also, Lauer v Dunn, 115 NY 405, 409).
The insurance against fire loss was procured by C & M to protect both its interest and plaintiff’s interest in the secured property. C & M’s covenant under the security agreement to insure the premises against fire loss for plaintiff’s benefit gives plaintiff an equitable lien in any proceeds to the extent of its interest — in this case, the remaining unpaid portion of the purchase price (see, Cromwell v Brooklyn Fire Ins. Co., 44 NY, at 47, supra; accord, Nor-Shire Assocs. v Commercial Union Ins. Co., 25 AD2d 868). Because Investors had notice of plaintiff’s equitable claim but nevertheless satisfied a claim without regard to its interest, plaintiff can recover to the extent of its equitable lien in an action at law (Cromwell v Brooklyn Fire Ins. Co., 44 NY, at 48, supra).
C & M’s failure to name plaintiff as a loss beneficiary did not extinguish plaintiff’s interest in the secured property, nor did it impair plaintiff’s status as an equitable lienholder. In this regard, an insurance policy that contains a loss payable clause is not a separate insurance of the debt but a separate security for the debt (see, Fields v Western Millers Mut. Fire Ins. Co., 290 NY 209, 214).
Because of the promise to insure for plaintiff’s benefit that is embodied in the security agreement between plaintiff and C & M, plaintiff is entitled to enforce its covenant with C & M to recover damages to the extent of its equitable lien, rendering the Appellate Division’s reliance on McGraw-Edison Credit Corp. v Allstate Ins. Co. (62 AD2d 872) misplaced. In McGraw, plaintiff creditor lacked any legal or equitable claim to the policy proceeds where plaintiff’s debtor sold the collateral to a third party which then procured fire insurance solely *384 for its own benefit. Plaintiff creditor’s inability to establish any jurai relationship with the insurer, such as one arising from an agreement between plaintiff’s debtor and the third party regarding insurance coverage for the benefit of plaintiff creditor, contravened its claim of an equitable lien (McGraw-Edison Credit Corp. v Allstate Ins. Co., 62 AD2d, at 876-877, supra). In this circumstance, an interest in insured property created by virtue of a security agreement does not translate into an interest in the insurance proceeds due to the third party in the event of a loss.
In this case, Investors’ only obligation, when confronted with apparently conflicting claims, was to preserve the insurance proceeds for the rightful owner. As aptly noted by the dissenter below, in such a situation an insurer can adequately protect its interests by way of an interpleader action.
Accordingly, the order of the Appellate Division should be reversed, with costs to plaintiff against defendant Investors; Investors’ cross motion for summary judgment dismissing the complaint denied and plaintiff’s motion for summary judgment granted.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
Order reversed, with costs to plaintiff against defendant-respondent Investors Insurance Company of America, Inc., defendant-respondent’s cross motion for summary judgment dismissing the complaint denied and plaintiff’s motion for summary judgment granted.