■ Associates Commercial Corp., Respondent, v Nationwide Mutual Insurance Company, Appellant, et al., Defendant. [748 NYS2d 792] —In an action, inter alia, to recover damages for breach of an insurance policy, the defendant Nationwide Mutual Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), dated August 14, 2001, which, upon granting the plaintiff's motion for summary judgment and denying its cross motion for summary judgment, is in favor of the plaintiff and against it.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff was a "loss payee" under a policy of insurance issued by the appellant to Scoca Construction Corp. (hereinafter Scoca). Scoca purchased certain construction equipment pursuant to an installment contract, which was assigned by the seller to the plaintiff. After Scoca made only one payment pursuant to the installment contract, the equipment was allegedly stolen. Scoca filed a stolen property claim with the appellant and falsely stated that any liens on the equipment had been satisfied. Although the policy of insurance required the appellant to issue a check to its insured and to the plaintiff, as "loss payee" as its interest appears, the appellant issued a check to Scoca only. The plaintiff commenced this action alleging, inter alia, breach of the policy of insurance. Both parties moved for summary judgment and the Supreme Court granted the plaintiff's motion and denied the appellant's cross motion.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557). Here, the plaintiff demonstrated the absence of a triable issue of fact with respect to its claim for breach of the insurance policy. Therefore, the motion papers were sufficient to make out a prima facie case for summary judgment (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Zuckerman v City of New York, supra). The appellant did not raise a triable issue of fact in opposition to the motion or in support of its cross motion.

The appellant had notice that the plaintiff had an interest in the equipment, that it was a "loss payee," and that the policy of insurance required the appellant to issue a check to the insured and the "loss payee" as their interests appeared. As such, once the appellant had notice of the claim, it paid the insured at its peril and assumed the hazard of resisting the claim of the plaintiff (see Rosario-Paolo, Inc. v C & M Pizza Rest., 84 NY2d 379).

Moreover, it is well settled that a "loss payee" stands in the shoes of its insured and may only recover if the insured can (see Wometco Home Theatre v Lumbermens Mut. Cas. Co., 97 AD2d 715, affd 62 NY2d 614). Here, the evidence establishes that the equipment was stolen and, therefore, the appellant was obligated to pay the insured and the loss payee. The fact that Scoca made a misrepresentation regarding the satisfaction of all liens, as opposed to the proof of the loss, does not vitiate the appellant's obligation to pay.

Contrary to the appellant's contention, summary judgment was not granted prematurely. It is well settled that a party "may not rely upon mere hope that evidence sufficient to defeat [summary judgment] may be uncovered during the discovery process" (*Drug Guild Distribs. v 3-9 Drugs,* 277 AD2d 197, 198). Furthermore, the appellant itself sought summary judgment.

The appellant's remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.