Gibson v Farm Credit E., ACA (2024 NY Slip Op 03967)

Gibson v Farm Credit E., ACA

2024 NY Slip Op 03967

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

440 CA 23-01735

[*1]CHARLES D. GIBSON AND THE FUNNY FARM NEW YORK, LLC, PLAINTIFFS-RESPONDENTS,
v
FARM CREDIT EAST, ACA, DEFENDANT-APPELLANT, AND FARM FAMILY CASUALTY INSURANCE CO., DEFENDANT-RESPONDENT. 

WEAVER MANCUSO BRIGHTMAN PLLC, ROCHESTER (ERIN E. ELMOUJI OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCHNITTER CICCARELLI MILLS PLLC, WILLIAMSVILLE (RYAN J. MILLS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered October 2, 2023. The order and judgment, insofar as appealed from, denied in part the motion of defendant Farm Credit East, ACA, for partial summary judgment against defendant Farm Family Casualty Insurance Co. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting the motion of defendant Farm Credit East, ACA, in its entirety and awarding that defendant judgment against defendant Farm Family Casualty Insurance Co. in the amount of $122,400, together with interest at the rate of 9% per annum commencing February 17, 2021, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages under an insurance policy issued by defendant Farm Family Casualty Insurance Co. (Farm Family) for losses following a fire at plaintiffs' farm in July 2019. In February 2021, Farm Family issued two payments, i.e., a check in the amount of $163,313.03 made payable to both plaintiffs and defendant Farm Credit East, ACA (Farm Credit), a mortgagee with a security interest in plaintiffs' farm, as reimbursement for damage to various structures, and a check in the amount of $122,400 made payable only to plaintiffs as reimbursement for the loss of livestock. Farm Credit answered and, inter alia, asserted a cross-claim for breach of contract against Farm Family seeking to recover the insurance proceeds it claims were wrongfully paid by Farm Family to plaintiffs for the livestock, notwithstanding Farm Credit's prior notice to Farm Family of its interest in the proceeds. Subsequently, Farm Credit moved for partial summary judgment seeking, on its cross-claim for breach of contract, a money judgment against Farm Family in the amount of $122,400, plus statutory interest at a rate of 9% per annum from February 17, 2021.
Supreme Court, inter alia, granted Farm Credit's motion in part, and Farm Credit now appeals from that part of the court's order and judgment awarding it a money judgment against Farm Family "in an amount to be determined after trial."
Farm Credit contends that the court erred in determining that triable issues of fact remain regarding the amount of damages Farm Family owes Farm Credit. We agree with Farm Credit that the court erred in failing to award Farm Credit a money judgment for $122,400, i.e., the amount on the check intended as reimbursement for the loss of livestock. Farm Family had notice of Farm Credit's secured interest in the livestock, and nevertheless issued payment to plaintiffs without regard to Farm Credit's interest. In doing so, Farm Family paid plaintiffs at its peril and assumed the hazard of resisting the equity claimed by Farm Credit (see Rosario-Paolo, Inc. v C & M Pizza Rest., 84 NY2d 379, 382-383 [1994], rearg dismissed 85 NY2d 925 [1995]).
There is no dispute that the $122,400 check was issued relative to the loss of the livestock in which Farm Credit had a perfected security interest, and Farm Family had been placed on notice of Farm Credit's interest. Farm Credit made a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" with respect to the amount of damages to which it is entitled on its breach of contract cross-claim against Farm Family (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, Farm Family failed to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]). We therefore modify the order and judgment accordingly.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court